■    WALTER T. GANGL, Appellant, v RICHARD T. CUTIA, Respondent. (Action No. 1.) RICHARD T. CUTIA, Respondent, v WALTER T. GANGL, Appellant. (Action No. 2.)—Appeals (1) from an order of the Supreme Court at

Special Term, entered December 4, 1978 in Tompkins County, which granted in part and denied in part appellant's motion for summary judgment in Action No. 1, and (2) from an order of the same court, entered December 4, 1978, in Tompkins County, which denied appellant's motion for summary judgment in Action No. 2, granted a motion by respondent for leave to amend his answer in Action No. 1, and provided that upon service of the amended answer in Action No. 1, the court would grant respondent's motion to dismiss the complaint. The parties to this litigation own adjoining lots which were obtained from a common grantor. Appellant's property is bounded on the east by Second Street. The westerly line of appellant's lot is at all points contiguous to respondent's easterly line. The deed to respondent's property given in 1912 provides for a "perpetual right of a driveway for horses and wagons along the south side of the premises" from Second Street to respondent's lot. Appellant's deed recites that the property is subject to a right of way about 10 feet wide along the south line running from Second Street to respondent's land for horses and wagons. Appellant brought Action No. 1 alleging, *inter alia,* a continuing trespass over the driveway, removal of trees and bushes, parking on the right of way, illegal erection of an addition to respondent's building without a permit, maintenance of a nuisance in the use of the driveway and placing garbage in open containers in front of appellant's property. Appellant's motion for summary judgment was denied, except to the extent of granting an injunction prohibiting parking or trespassing on appellant's back yard, parking on the right of way and storing garbage in open containers. Thereafter, respondent commenced Action No. 2 alleging his right to use the driveway for delivery of produce in commercial trucks by grant, necessity and prescription and appellant's interference with this use. Appellant moved to dismiss the complaint on the ground there was another action pending. Respondent cross-moved for consolidation of the two actions or, in the alternative, to amend its answer in Action No. 1. Special Term permitted the amendment and subject to service of the amended answer dismissed Action No. 2. These appeals ensued. The central issue is whether respondent presented facts sufficient to require a trial with respect to the alleged trespass on the right of way along the southerly side of appellant's lot. The grant was specifically for "horses and wagons" and appellant contends the use of trucks and other motor vehicles was a misuse of a limited grant. It is basic law that a grantee takes only that which is given him (2 Warren's Weed, NY Real Property [4th ed], Easement, § 16.03). While the language in the 1912 deed is clear, it was made over 65 years ago and it must be ascertained what the parties intended when it was made. This requires an examination of the surrounding circumstances then existing. Consequently, a question of fact is presented. Furthermore, the affidavit submitted by respondent states that he and his predecessors continually used "produce type van trucks" for approximately 10 years on the driveway. Special Term, therefore, properly denied summary judgment on these issues. We have examined all other issues raised by appellant and find them unpersuasive. Orders affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.